UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENDRIX EMANUEL PARKER**                                             **PLAINTIFF**

**V.**                                              **CAUSE NO. 3:15-cv-474-CWR-LRA**

**MARSHALL FISHER, Commissioner of MDOC,**
**DOROTHY JOHNSON and**
**JEWORSKI MALLETT**                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING PLAINTIFF'S COMPLAINT**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Kendrix Emauel Parker, an inmate of the Mississippi Department of Corrections ("MDOC") currently incarcerated at the Yazoo County Regional Correctional Facility, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. The named defendants are Marshall Fisher, Dorothy Johnson and Jeworski Mallett. Compl. [1]. The Court, having liberally construed the pleadings and considered the applicable law, has reached the following conclusions.

**I. Background**

In his Complaint, Plaintiff alleges that he was released on parole on July 25, 2013. He was to be returned to custody on September 12, 2014, for not being in compliance with the conditions of his release. Compl. [1] at 4. However, Plaintiff absconded supervision from September 12, 2014 through December 29, 2014. Based on that fact, which Plaintiff admits, 109 days were added back to his sentence, moving his tentative release date from August 2019 to November 2019. Plaintiff received credit back for 27 days he spent in custody in December 2014 after arrest but before being returned to MDOC, which moved his release date to October 2019. Plaintiff argues that MDOC is

not taking the time he spent on parole off his sentence. Plaintiff filed a grievance through the prison administrative remedy program and at both the first and second steps of the process MDOC responded that the time was not added back to Plaintiff's sentence. Therefore, Plaintiff received credit for having served the time he was on parole. Compl. [1] at 5-6. As relief, Plaintiff asks this Court to order MDOC to grant him 415 days credit toward his sentence so that his MDOC time sheet will then reflect a reduction in his sentence. Compl. [1] at 4.

## II. Analysis

The Prison Litigation Reform Act (hereinafter "PLRA"), 28 U.S.C. § 1915(e)(2), applies to the claims of prisoners who are proceeding *in forma pauperis* and requires that the Court "dismiss the case at any time if the court determines that...(B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." As Plaintiff was granted leave to proceed *in forma pauperis* in this case by an Order [5] entered August 5, 2015, Section 1915(e)(2) is applicable to his case.

A prisoner challenging the fact or duration of confinement, and seeking as relief immediate or speedier release from incarceration, must pursue a petition for a writ of habeas corpus, not a Section 1983 lawsuit. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The only relief Plaintiff seeks in this case is credit toward his time so that his sentence is reduced. Compl. [1] at 4. Since a favorable determination in this case would entitle Plaintiff to accelerated release, his claims are for habeas relief. *See Farrel v. Johnson*, 189 F.3d 470 (5th Cir. 1999). The Court determines that Plaintiff may not maintain the instant Section 1983 lawsuit, but must file a petition for a writ of habeas corpus. *See Ellis v. Jones*, No. 3:12-cv-893-DPJ-FKB, 2013 WL 2948024 (S.D. Miss. June

14, 2003).

Before filing a petition for a writ of habeas corpus, a state prisoner must exhaust available state remedies. See 28 U.S.C. §2254(b); *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). The claim must have been fairly presented to the highest state court to satisfy the exhaustion requirement. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). Generally, a habeas petition will be dismissed when the petitioner has not exhausted his claims in state court. *See Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-520 (1982)).

Though he did file a grievance with MDOC, Plaintiff admits that he has not filed any action in state court seeking sentence credit. Resp. [7]. Plaintiff has an available state remedy to pursue his claim that his sentence has not been properly calculated. *See Guy v. State,* 915 So. 2d 508 (Miss. Ct. App. 2005). Therefore, to the extent this case should be construed as a petition for a writ of habeas corpus, it must be dismissed without prejudice to Plaintiff's right to file a Section 2254 petition after exhausting state habeas corpus remedies.

### III. Conclusion

For the reasons set out above, to extent Plaintiff's seeks habeas relief, his claims are dismissed without prejudice for failure to exhaust. Plaintiff's Section 1983 claims are dismissed for failure to state a claim.

Since this case is dismissed pursuant to the PLRA, it will be counted as a "strike".

A Final Judgment in accordance with this Memorandum Opinion and Order of dismissal shall issue.

SO ORDERED AND ADJUDGED, this the 20th day of August, 2015.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE